UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30221-MAP

| | |
|---|---|
| KYLE DAVIDSON,<br>      Plaintiff | )<br>)<br>) |
| v. | )   **COMPLAINT** |
| | ) |
| THE CITY OF WESTFIELD,<br>KEVIN BARD, and<br>KERRY PATON,<br>      Defendants | )<br>)<br>)<br>) |

## INTRODUCTION

This is an action to redress the deprivation of civil and constitutional rights of the plaintiff, Kyle Davidson by persons acting under the color of State law, brought pursuant to 42 U.S.C. *et. seq.* of the United States Code, and Massachusetts General Laws, Chapter 12, Sec. 11I, and further, to recover damages from the City of Westfield for the actions of its police officers Kevin Bard and Kerry Paton.

The Plaintiff seeks compensatory and punitive damages in the amount of One Hundred Fifty Thousand Dollars, and recovery of reasonable attorneys fees for the actions of the defendant, City of Westfield and its police officer, as more fully set out below.

## JURISDICTION

1. This is an action brought pursuant to 42 U.S.C., Sec. 1983, *et. seq.*, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Jurisdiction is founded upon 28 U.S.C. Secs. 1331 and 1343 (1),(2),(3),(4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under State law.

## PARTIES

2. Plaintiff, Kyle Davidson is a natural person, who at all times material to this Complaint resided at 13 Great Brook Drive, Southwick, Hampden County, Commonwealth of Massachusetts.

3. Defendant, City of Westfield is a municipality organized under the general laws of the Commonwealth of Massachusetts in Hampden County, Massachusetts, and at all times material hereto was the employer of defendants, Kevin Bard and Kerry Paton.

4. Defendant, Kevin Bard is a natural person who was at all times material to this Complaint employed by the City of Westfield as a police officer.

5. Defendant, Kerry Paton is a natural person who was at all times material to this Complaint employed by the City of Westfield as a police officer.

## COUNT I -
(Violation Of Federal Civil Rights By Kevin Bard)

6. The plaintiff, Kevin Bard did violate the federally protected civil rights of the plaintiff, Kyle Davidson as guaranteed said plaintiff under 42 U.S.C., Sec. 1983 et. seq. and by Amendments I, IV, V and XIV of the Constitution of the United States of

America, while acting under color of State law, in the manner and by the acts set forth hereinafter in this Count.

7. On or about August 1, 2003, the defendant Kevin Bard, while arresting Kyle Davidson for a misdemeanor and attempting to interrogate him, did use excessive force and committed an assault and battery upon Kyle Davidson, both directly and by means of a police dog.

8. As a result of the acts of the defendant, Kevin Bard, the plaintiff, Kyle Davidson suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

## COUNT II
(Violation of State Civil Rights – Kevin Bard)

9. The plaintiff, Kyle Davidson incorporates paragraphs two through eight of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

10. The defendant, Kevin Bard did violate the civil rights of the plaintiff, Kyle Davidson as guaranteed said plaintiff under the Massachusetts Civil Rights Act, General Laws Chapter 12, Section 11 I, in the manner and by the acts set forth in paragraphs two through eight of this Complaint.

11. The violation of the plaintiff's civil rights by the defendant, Kevin Bard involved the use of intimidation, threats and coercion.

12. As a result of the acts of the defendant, Kevin Bard, the plaintiff suffered physical injury, emotional injury, embarrassment and humiliation, and was required to expend sums of money for medical treatment.

## COUNT III -
(Violation Of Federal Civil Rights - Kerry Paton)

13. The plaintiff, Kyle Davidson incorporates paragraphs two through twelve of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

14. The defendant, Kerry Paton did violate the federally protected civil rights of the plaintiff, Kyle Davidson as guaranteed said plaintiff under 42 U.S.C., Sec. 1983 et. seq. and by Amendments I, IV, V and XIV of the Constitution of the United States of America, while acting under color of State law, in the manner and by the acts set forth hereinafter in this Count.

15. On or about August 1, 2003, the defendant, Kerry Paton, while arresting Kyle Davidson for a misdemeanor and attempting to interrogate him, did use excessive force and committed an assault and battery upon Kyle Davidson, both directly and by means of a police dog.

16. As a result of the acts of the defendant, Kerry Paton, the plaintiff, Kyle Davidson suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

## COUNT IV
(Violation of State Civil Rights – Kerry Paton)

17. The plaintiff, Kyle Davidson incorporates paragraphs two through sixteen of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

18. The defendant, Kerry Paton did violate the civil rights of the plaintiff, Kyle Davidson as guaranteed said plaintiff under the Massachusetts Civil Rights Act, General Laws Chapter 12, Section 11 I, in the manner and by the acts set forth in paragraphs two through eight of this Complaint.

19. The violation of the plaintiff's civil rights by the defendant, Kerry Paton involved the use of intimidation, threats and coercion.

20. As a result of the acts of the defendant, Kerry Paton, the plaintiff suffered physical injury, emotional injury, embarrassment and humiliation, and was required to expend sums of money for medical treatment.

## COUNT V -
(Assault and Battery – City of Westfield – Kevin Bard)

21. The plaintiff, Kyle Davidson incorporates paragraphs two through twenty of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

22. On or about August 1, 2003, the defendant, Kevin Bard committed an assault and battery upon Kyle Davidson, both directly and by means of a police dog.

23. Kevin Bard was acting in the scope of his employment for the City of Westfield, and thus the City of Westfield is liable for his actions.

24. Timely notice of this claim was given to the City of Westfield pursuant to Massachusetts General Laws, Chapter 258 § 4.

25. As a result of the assault and battery committed by Kevin Bard, the plaintiff suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

### COUNT VI
(Assault And Battery – City of Westfield – Kerry Paton )

26. The plaintiff, Kyle Davidson incorporates paragraphs two through twenty-five of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

27. On or about August 1, 2003, the defendant, Kerry Paton committed an assault and battery upon Kyle Davidson, both directly and by means of a police dog.

28. Kerry Paton was acting in the scope of his employment for the City of Westfield, and thus the City of Westfield is liable for his actions.

29. Timely notice of this claim was given to the City of Westfield pursuant to Massachusetts General Laws, Chapter 258 § 4.

30. As a result of the assault and battery committed by Kerry Paton, the plaintiff suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

## COUNT VII
(Negligence – City of Westfield – Ofc. Kevin Bard)

31. The plaintiff, Kyle Davidson incorporates paragraphs two through thirty of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

32. On or about August 1, 2003, the defendant, Kevin Bard was negligent in his handling of a police dog.

33. As a result of his negligence, the plaintiff suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

## COUNT VIII
(Negligence – City of Westfield – Ofc. Kerry Paton)

34. The plaintiff, Kyle Davidson incorporates paragraphs two through thirty of his Complaint herein by reference, and makes the same a part hereof as if separately pled.

35. On or about August 1, 2003, the defendant, Kerry Paton was negligent in his handling of a police dog.

36. As a result of his negligence, the plaintiff suffered physical injury, emotional injury, embarrassment, and humiliation, and was required to expend sums of money for medical treatment.

Wherefore, under Counts I through IV, the plaintiff demands judgment against the defendants, Kevin Bard and Kerry Paton and compensatory and punitive damages, costs and attorneys fees, and such other relief as the Court deems just.

Under Counts V through VIII, the plaintiff demands judgment against the defendant, City of Westfield, and compensatory damages, costs, and such other relief as the Court deems just.

## CLAIM OF TRIAL BY JURY

The plaintiffs demand a jury trial on all counts so triable.

The Plaintiff,
Kyle Davidson

By: /s/ John S. Ferrara
John S. Ferrara, Esq.
Dalsey, Ferraro & Albano
73 State Street, Suite 101
Springfield, MA 01103
Tel. 736-6971; Fax. 746-9224
BBO No. 542078
November 16, 2004