UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | |
|---|---|
| KYLE DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C. A. No. 04-30221-MAP |
| ) | |
| THE CITY OF WESTFIELD ) | |
| KEVIN BARD, and ) | |
| KERRY PATON ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANTS WITH AFFIRMATIVE DEFENSES

I.
PRELIMINARY STATEMENT

The Complaint includes an "Introduction" consisting of two unnumbered paragraphs. In response to those unnumbered paragraphs, the Defendants state that no answer is required as the Introduction merely summarizes the nature of the action and states legal conclusions. The numbered paragraphs of the Complaint will be addressed by the corresponding numbered paragraphs, below.

II.
JURISDICTION

1.     The first sentence of paragraph one (1), stating the nature of the action, requires no response. Defendants admit that this Court has jurisdiction to hear and decide the claims predicated on federal law. Defendants note that the exercise of pendant jurisdiction over State law claims is subject to the exercise of judicial discretion and

reserve the right to challenge the exercise of that discretion at such future time as may be legally appropriate.

### III.
### PARTIES

2. Defendants admit that Kyle Davidson is a natural person. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph two (2).

3. Defendants admit that the City of Westfield is a municipality of the Commonwealth of Massachusetts located in Hampden County but deny that it is organized under the general laws of the Commonwealth. Defendants admit that Kevin Bard and Kerry Paton have been and are employed by the City of Westfield but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph three (3).

4. Defendants admit that Kevin Bard is a natural person and admit that he has been and is employed by the City of Westfield as a police officer but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph four (4).

5. Defendants admit that Kerry Paton is a natural person and admit that he has been and is employed by the City of Westfield as a police officer but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph five (5).

### COUNT I

6. Defendants deny the allegations of paragraph six (6).

7. Defendants admit that on or about August 1, 2003 Kyle Davidson was arrested. Defendants deny the remaining allegations of paragraph seven (7).

8. Defendants deny the allegations of paragraph eight (8).

## COUNT II

9. Defendants repeat and incorporate herein their responses to paragraphs two (2) through eight (8).

10. Defendants deny that Kevin Bard did violate the civil rights of Kyle Davidson as guaranteed the plaintiff under the Massachusetts Civil Rights Act and incorporate herein by reference their responses to paragraphs two (2) through eight (8).

11. Defendants deny the allegations of paragraph eleven (11).

12. Defendants deny the allegations of paragraph twelve (12).

## COUNT III

13. Defendants repeat and incorporate herein their responses to paragraphs two (2) through twelve (12).

14. Defendants deny the allegations of paragraph fourteen (14).

15. Defendants admit that on or about August 1, 2003 Kyle Davidson was arrested. Defendants deny the remaining allegations of paragraph fifteen (15).

16. Defendants deny the allegations of paragraph sixteen (16).

## COUNT IV

17. Defendants repeat and incorporate herein their responses to paragraphs two (2) through sixteen (16).

18. Defendants deny that Kerry Paton did violate the civil rights of Kyle Davidson as guaranteed the plaintiff under the Massachusetts Civil Rights Act and incorporate herein by reference their responses to paragraphs two (2) through eight (8).

19. Defendants deny the allegations of paragraph nineteen (19).

20. Defendants deny the allegations of paragraph twenty (20).

## COUNT V

21. Defendants repeat and incorporate herein by reference their responses to paragraphs two (2) through twenty (20).

22. Defendants deny the allegations of paragraph twenty-two (22).

23. Defendants admit that on or about August 1, 2003 Kevin Bard was on duty as a City of Westfield police officer and that, while acting in the scope of his employment, he participated in events related to the arrest of Kyle Davidson. Defendants deny the remaining allegations of paragraph twenty-three (23).

24. Defendants admit that the City of Westfield was served with notice of claim. Defendants deny the remaining allegations of paragraph twenty-four (24).

25. Defendants deny the allegations of paragraph twenty-five (25).

## COUNT VI

26. Defendants repeat and incorporate herein by reference their responses to paragraphs two (2) through twenty-five (25).

27. Defendants deny the allegations of paragraph twenty-seven (27).

28. Defendants admit that on or about August 1, 2003 Kerry Paton was on duty as a City of Westfield police officer and that, while acting in the scope of his

employment, he participated in events related to the arrest of Kyle Davidson. Defendants deny the remaining allegations of paragraph twenty-eight (28).

29. Defendants admit that the City of Westfield was served with notice of claim. Defendants deny the remaining allegations of paragraph twenty-nine (29).

30. Defendants deny the allegations of paragraph thirty (30).

## COUNT VII

31. Defendants repeat and incorporate herein by reference their responses to paragraphs two (2) through paragraphs thirty (30).

32. Defendants deny the allegations of paragraph thirty-two (32).

33. Defendants deny the allegations of paragraph thirty-three (33).

## COUNT VIII

34. Defendants repeat and incorporate herein by reference their response to paragraphs two (two) through thirty (30).

35. Defendants deny the allegations of paragraph thirty-five (35).

36. Defendants deny the allegations of paragraph thirty-six (36).

Defendants deny that Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

### FIRST

Statute of limitations.

### SECOND

Failure to properly, adequately and sufficiently comply with the notice and presentment requirements of M.G.L c.258.

## THIRD

Discretionary function.

## FOURTH

City is immune from punitive damages.

## FIFTH

Plaintiff has a duty to mitigate damages and by his actions breached that duty.

## SIXTH

City is immune from damages for intentional torts of its employees.

## SEVENTH

Failure to state a claim upon which relief can be granted.

## EIGHTH

Such injury and damages as may have been suffered by Plaintiff were the result of his own willful, wanton and unlawful acts.

## NINTH

Such injury and damages as may have been suffered by Plaintiff were the result of his own negligence and any award of damages must be reduced after application of consideration of comparative negligence.

## TENTH

Intervening and superceding cause.

## ELEVENTH

M.G.L. c. 258 limits damage awards at One Hundred Thousand Dollars ($100,000.00).

## TWELFTH

Such injuries as suffered by Plaintiff were suffered in the course of his willful and knowing trespass.

## THIRTEENTH

The conduct of Defendant Bard and Paton did not violate any clearly established rights of plaintiff and their conduct was, in light of the facts and circumstances, reasonable. They are immune from damages under qualified immunity.

## FOURTEENTH

Defendants Bard and Paton used such force as was necessary and reasonable in light of the facts and circumstances.

## FIFTEENTH

The actions of Defendants Bard and Paton were in conformity with their training and Westfield Police Department regulations.

## SIXTEENTH

A municipality is immune from liability under the Massachusetts Civil Rights Act.

SEVENTEENTH

Punitive damages cannot be awarded under the Massachusetts Civil Rights Act.

EIGHTEENTH

The conduct of Defendants Bard and Paton do not constitute threats, intimidation or coercion with the meaning of the Massachusetts Civil Rights Act.

NINTEENTH

Defendants Bard and Paton are immune from damages for negligence by virtue of M.G.L. c. 258..

        WESTFIELD POLICE DEPARTMENT,
        POLICE OFFICERS KEVIN BARD and
        KERRY PATON

        BY THEIR ATTORNEY

        Peter H. Martin
        BBO No. 552020
        Assistant City Solicitor
        59 Court Street
        Westfield, MA  01085
        413/572-6260

CERTIFICATE OF SERVICE

I, Peter H. Martin, do hereby certify that a true copy of the foregoing document was served upon the Plaintiff by U.S. Mail, first class, postage prepaid, addressed to John S. Ferrara, Esq., Dalsey, Ferrara & Albano, 73 State Street - Suite 101, Springfield, MA 01103 on this 14th day of January, 2005.

        Peter H. Martin